# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 838

LATHAM v. FOLKERTH

Ohio Appeals, 2d District, Franklin County
No. 1039. Decided Oct. 11, 1923

**37. ASSESSMENTS.**

Assessment becomes lien on property when adopted, not when certified to county auditor.

**166. ERROR.**

No motion for new trial need be filed where Common Pleas Court acts as reviewing court in passing on question of law.

BY THE COURT.

Epitomized Opinion

Latham brought suit in the Municipal Court of Franklin county against Folkerth to recover $75.50 being the first installment on a street assessment. The contract of sale to Latham, the purchaser, was made on July 1, 1919, and provided that the grantor should pay all assessments to and including the June assessment of 1921. The assessment ordinance was passed and adopted in June, 1921. The assessment was not certified by the clerk until Sept. 1, 1921. The certificate contained the statement that "the first installment was due in December, 1920." The grantor refused to pay this assessment upon the ground that it was not due till certified to the county auditor. The Municipal Court held for the plaintiff grantee. This judgment was reversed by the Common Pleas Court, whereupon error was prosecuted. No motion for a new trial was filed in the Common Pleas Court. In sustaining the judgment of the Municipal Court, this court held:

1. The lien for the street assessment as against the owner became effective when the ordinance was adopted and became operative under the law; therefore the grantor is liable for this amount under the purchase contract.

2. As the questions decided by the Common Pleas Court were purely questions of law, no trial being had, it was unnecessary to file a motion for a new trial to prosecute error.

Attorneys—A. W. Webber and S. A. Sharp, for Latham; C. B. Folkerth, for defendant.

No. 839

SIEG v. STATE

Ohio Appeals, 8th District, Cuyahoga County
No. 4774. Decided Oct. 1, 1923

**54A. BASTARDS.**

Incapacity or inaccessibility of husband is essential to prove child born in wedlock illegitimate—Wife competent witness to prove illegitimacy of child—Adulterous acts of wife not sufficient alone to rebut presumption of legitimacy. 129—CRIMINAL LAW. Variance exists between averment that accused

failed to support legitimate child and proof that child was illegitimate.

LEVINE, J.

Epitomized Opinion

Sieg was indicted under 1308 GC. for neglect to provide for a legitimate child. On trial Agnes Balcom, the mother of the child, was permitted, as against objection, to testify that she was a married woman, and that she had not lived with or seen her husband for over four years. She testified that Sieg had cohabited with her and was the father of the child. Her story to the affect that she had not seen her husband for a period of four years was not corroborated by other witnesses. As the accused was convicted, error was prosecuted. In reversing the judgment of the lower court, the [Court] of Appeals held:

1. Before a child begotten in wedlock can be adjudged a bastard, the proof must be clear, certain and conclusive, either that the husband had no power of procreation, or the circumstances were such as to render it impossible that he could be the father of the child.

2. The wife is a competent witness to testify to the non-access of her recreant husband in a criminal case against a putative father of her illegitimate child, for failure to provide said child with necessary and proper food.

3. The testimony of the mother alone, in view of the life she was leading and her adulterous acts was insufficient to clearly rebut the presumption of the legitimacy of the child.

4. As the affidavit charged that the accused had failed to support his legitimate child and the evidence disclosed that the child was illegitimate a fatal variance existed, and it was incompetent to prove that the child was illegitimate under such an indictment.

Attorneys—David & Heald, for Sieg; Stanton, for State.