### No. 207
### DONSELMAN v. MULLIGAN
Ohio Appeals, 8th Dist., Cuyahoga County
No. 4669. Decided Dec. 3, 1923

633. INFANTS—Father of bastard child held not liable to mother who has advanced the money for the child's support.

VICKERY, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action in the Common Pleas brought by Elizabeth Donselman, plaintiff, to recover money spent in the support of her child whose father she alleged to be defendant, Dr. J. E. Mulligan. In 1901 plaintiff marride a man named Clark, but never cohabited with him. About a year later she gave birth to the child in question who was 19 years old

when this action was commenced. No previous action was ever brought against defendant, Mulligan, either under the bastard statute or the criminal statute. To help establish that defendant was the the father of the child defendant offered her own testimony to prove that her husband, Clark, had no access to her. This evidence was rejected by the trial court on the ground that it would tend to bastardize plaintiff's own child. The trial judge said that if such evidence could be admitted he would render judgment for plaintiff for $1,500. Judgment being rendered for defendant, plaintiff prosecuted error. Held:

The trial court erred in rejecting the evidence. See Sieg v. State, 1 Abs. 814. If this were the only question this court would render judgment for plaintiff as suggested by the trial court.

But plaintiff is not entitled to recover in any event. At common law the mother of a bastard child was alone liable for its support. The only change in the rule in Ohio is by the two statutes holding that if the mother does not make complaint the township trustees may, on the ground that the child may become a public charge, and that the father of the child may be held criminally liable for the failure to support the child. These statutes being in derogation of the common law must be strictly construed. There is no authority for allowing the mother, after she has advanced the money for the child's support, to recover from the father in a civil action. Notwithstanding the error in excluding the evidence the judgment below was right. Judgment affirmed. For Pending Case, see Pg. 199.

Attorneys—C. D. Ainger, H. R. Hill, for Donselman; Crosser, Bishop & Blythin, for Mulligan.